## DALLAS TRUST & SAVINGS BANK v. PYLE. (No. 8959.)

(Court of Civil Appeals of Texas. Dallas. Jan. 12, 1924. Rehearing Denied Feb. 2, 1924.)

**1. Brokers ⬡⟳58—Concealment of facts by broker held to give principal right to repudiate contract.**

Where broker procured a married woman, separated from her husband, as purchaser for land, the owner contracting to sell to her for cash and her personal notes for a large share of purchase money, in ignorance of her marital relations, and influenced by representations of broker that no question as to purchaser's disability could be raised, when owner discovered the facts, and that validity of the notes depended on proof of the permanent separation of the purchaser from her husband, he had a right to disavow the contract.

**2. Brokers ⬡⟳88(3)—Question held for jury as to whether owner signed contract with knowledge of disability of purchaser.**

Where there was conflict in evidence as to whether owner, at the time he contracted to convey, knew that purchaser was a married woman separated from her husband, question whether owner signed contract with full knowledge was for jury.

**3. Brokers ⬡⟳58—Owner contracting with knowledge of disability of purchaser could not, because thereof, resist claim for commissions.**

Where the owner of property, with full knowledge that purchaser procured by broker was a married woman separated from her husband and that 85 per cent. of the consideration was to be in purchase-money notes, signed only by the purchaser, assumed the burden of such contract, he could not thereafter complain, and his refusal to carry out the contract because of the doubtful validity or negotiability of the notes could not defeat the broker's right to commissions.

Appeal from Dallas County Court, at Law; T. A. Work, Judge.

Action by the Dallas Trust & Savings Bank against J. G. Pyle. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Etheridge, McCormick & Bromberg, of Dallas, Chas. T. McCormick, of Austin, and Paul Carrington, of Dallas, for appellant.

M. M. Parks, of Dallas, for appellee.

JONES, C. J. Appellant, the Dallas Trust & Savings Bank, filed this suit in the lower court against appellee, J. H. Pyle, for the recovery of a real estate commission of $500 with interest. The recovery is based on the fact that appellee listed his home in the city of Dallas to be sold by appellant for a consideration of $10,000, and upon the further claim that appellant found a purchaser ready, able, and willing to purchase the place for the consideration named by appellee, and upon terms suitable to appellee, and that a valid contract for the purchase of the place was made and executed by appellee and the said purchaser; that the purchaser was able and willing to consummate the purchase under the terms stated in the contract, but that appellee failed and refused to do so; that under the contract appellee was to pay appellant 5 per cent. of the purchase price, and that, by virtue of the facts above enumerated, appellant's commission became due and payable.

Appellee admitted the listing of the place for sale with appellant and the execution of the contract for the sale of his place to the person secured by appellant, but defended on the ground that he had been induced to sign said contract by the fraudulent representations of the agent representing appellant in making the said contract. The fraudulent representations alleged to have been made were to the effect that the said agent of appellant represented that the purchaser, Mrs. Myrtle Downs Guelich, was a widow, and therefore competent to make a valid contract and become personally responsible for any liability under the said contract; that after the said sale contract was executed he became acquainted for the first time with the fact that the said Mrs. Guelich was not a widow, but had a living husband, and that, notwithstanding the fact that she and her said husband were living separate and apart, there was necessarily raised a question as to her personal liability on any contract executed by her, and a question as to the validity of the notes for the deferred payments, which notes were to be executed alone by Mrs. Guelich, and that this would tend to destroy their negotiability; that, if he had known the real facts before he executed the sales contract, he would not have signed same, and that by reason of the fraud and concealment practiced upon him he was not bound by the sales contract.

Appellant denied that there was any fraud practiced upon appellee, and alleged facts showing the permanent separation occasioned by the desertion for a number of years of Mrs. Guelich by her said husband, and her resultant ability by reason of these facts to make a binding contract without being joined by her husband, and upon which she would be personally liable.

The case was tried to a jury, but, upon the conclusion of the evidence by both sides, the court gave peremptory instructions in favor of appellee, and a judgment was entered in conformity thereto.

It is contended by appellant that this cause should be reversed and rendered in its favor because the undisputed evidence established the fact that appellant, by securing the purchaser and the valid contract of sale, had earned the commission of $500; and, further, that the undisputed evidence also showed that there was no fraud committed on appellee, regardless of whether the alleged false representations were made or not, for the reason that it was established without contradiction that Mrs. Guelich, by reason of the desertion by her husband and their permanent separation, was capable of making a contract binding upon her, and that the contract entered into by her was valid and enforceable. It is also contended by appellant that, if mistaken in this contention, then, nevertheless, there was reversible error committed by the court in giving the said peremptory instruction, for the reason that the evidence on the issue of the making of said alleged false representations was in sharp conflict. No brief has been filed by appellee. The two contentions of appellant, as stated above, will be discussed in the order named.

[1] The contract of sale recited a total consideration of $10,000 to be paid for the land, with only $1,500 in cash, and the remainder of the consideration of $8,500 to be evidenced by notes executed by the purchaser. Mrs. Guelich being a married woman, and her husband not joining in the execution of the notes, their validity, as well as her personal responsibility on same, necessarily rested on the proof of her permanent separation from her husband, and this fact is enough to cast a doubt on their validity if their negotiation to third parties was attempted.

If appellee, ignorant of the marital relations of Mrs. Guelich, by the representations of appellant's agent was led to believe that no question as to Mrs. Guelich's disability could be raised, then we think appellee, when he discovered the existing facts, would have the right to disavow the contract. The contract, under the facts as they actually existed, placed a burden upon appellee that, under his evidence, he had no reason to suspect existed. Moore v. Price, 46 Tex. Civ. App. 304, 103 S. W. 234. The assignments of error, based upon the refusal of the court to give appellant's peremptory instruction, are overruled.

[2] Appellee and his wife testified in effect that the first knowledge that appellee had of the marital relations existing as to Mrs. Guelich was after the execution of the contract, when appellee was requested by an agent of Mrs. Guelich to make the conveyance provided for in the contract to a third party, because of the fact that Mrs. Guelich had a living husband, and it was desired that the conveyance be made in such a way as to ex-

clude any claim by him on the property purchased. Their evidence is also positive that the agent of appellant, whose name is Roy Smith, when he informed them that he had found Mrs. Guelich as a purchaser of his place, stated that she was a widow. On the other hand, the evidence of the said agent, Roy Smith, is just as positive to the effect that, though he might have alluded to Mrs. Guelich as "the widow Guelich" (for at the time he first informed appellee of the sale he believed she was a widow) yet, before the contract was signed, he had been made acquainted with the fact of her marital relations, and when he presented the contract to appellee to sign he informed him that Mrs. Guelich had a living husband, but further advised him that she had been deserted by such husband, and for several years they had lived separate and apart, and that she was then able to make a binding contract because this fact removed her disability of coverture; that when so informed appellee said that was all right, and, with knowledge of the very burden of which he complains, he signed the sale contract.

[3] This evidence raises a direct conflict that was for the jury, and not for the court, to pass upon. If appellee, with full knowledge of all the facts, voluntarily assumed the extra burden cast upon him, then, afterwards, he could not be heard to complain, and his refusal to carry out the contract would be an unwarranted breach of same, and render him liable for the damages legitimately resulting from such breach. Under such circumstances, appellee would be liable to appellant for his said commission.

For the error pointed out, this case will be reversed and remanded.

Reversed and remanded.